**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Marcuiece Lamar Johnson,** | ) | **CASE NO. 1: 25 CV 1033** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Scott Moran, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### Background

Plaintiff Marcuiece Lamar Johnson, a prisoner currently incarcerated in Arizona, has filed a *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983 against Cuyahoga County Special Investigator Scott Moran, the Cuyahoga County Sheriff and Chief of Police, and the "Cleveland Division of Police." (Doc. No. 4.)[1] Although his pleading does not set forth clear legal claims or cogent factual allegations of misconduct by each Defendant, he challenges the lawfulness of his arrest and conviction, pursuant to a guilty plea, in the Cuyahoga County Court of Common Pleas. *See State of Ohio v. Marcuiece Johnson*, Case No. CR-23-681557-A.

Plaintiff was indicted by a Cuyahoga County grand jury in the state case on six counts, including trafficking (Count 1), compelling prostitution (Count 2), rape (Counts 3 and 4), sexual battery (Count 5), and kidnapping (Count 6). The charges stemmed from events that took place in a hotel in Cleveland on May 27, 2023, where Plaintiff brought Jane Doe. Plaintiff "posted an

---

[1] Plaintiff filed his original complaint (Doc No. 1) and now-operative amended complaint (Doc. No. 4, hereinafter referred to as his "complaint") in the District Court for the Eastern District of Arkansas, which transferred the action here.

advertisement on a prostitution website offering Jane Doe's availability to perform sexual acts in exchange for monetary compensation. Jane Doe was able to escape from [Plaintiff] and seek assistance from an off-duty Cleveland police officer working security at the hotel. Jane Doe also reported that Johnson sexually assaulted her." *State v. Johnson*, 2025 -Ohio- 2592, ¶ 5, 2025 WL 2081583 (Ohio App. 8 Dist., 2025).

Plaintiff entered into a plea agreement in which he pled guilty to Count 2 (compelling prostitution), Count 3 (amended to sexual battery), and Count 5 (sexual battery).  Counts 1, 4, and 6 were nolled.   He  was sentenced to a total of 18 months in prison with five years of post-release control, and was ordered to register as a Tier III sex offender under the Adam Walsh Act.

Plaintiff appealed his conviction and sentence arguing, among other things, that his plea was not knowingly, voluntarily, and intelligently made.  The Ohio Court of Appeals rejected his arguments and upheld his conviction.  *State v. Johnson*, *supra.*

In his complaint in this case, Plaintiff challenges the lawfulness of the charges against him and his conviction in his criminal case, contending he wanted to go to trial but was made to take a plea deal.  (Doc. No. 4 at 8.)  He sues Defendants for damages and to "get back everything" belonging to him, asserting wrongful arrest, false imprisonment, and other injuries. (*Id.* at 9, ¶ VIII.)

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915(e)(2)(B) to dismiss *sua sponte* any *in forma pauperis* action that the court finds is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Similarly, 28 U.S.C. § 1915A requires district courts to dismiss before service any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune.  *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Upon review, the Court finds Plaintiff's complaint warrants *sua sponte* dismissal pursuant to §§ 1915(e)(2)(B) and 1915A on the basis it is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* held that a prisoner has no cognizable § 1983 damages claim based upon an allegedly unconstitutional conviction or sentence, or for any other "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the prisoner first shows that the conviction or sentence at issue has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87.  Until such time, a cause of action under § 1983 is not cognizable.  *White v. Cnty. of Montcalm*, 65 Fed. Appx. 35, 36–37 (6th Cir. 2003), citing *Heck*.  *Heck*'s bar extends to actions for declaratory and injunctive relief as well as claims for monetary damages.  *See Wilson v. Kinkela*, 145 F.3d 1335, 1998 WL 246401, at *1 (6th Cir. 1998).

Plaintiff's claims clearly seek to call into question the validity of his state court criminal conviction pursuant to his guilty plea.  His § 1983 action is, therefore, barred by *Heck* unless he demonstrates that his conviction has been set aside or invalidated in one of the ways stated in

*Heck*. Nothing in Plaintiff's complaint suggests this has happened.  In fact, the Ohio Court of Appeals upheld his conviction and sentence.

Accordingly, Plaintiff's complaint fails to state a cognizable claim upon which he may be granted relief under § 1983 and warrants *sua sponte* dismissal.  *See Hunt v. Michigan*, 482 Fed. Appx. 20, 21 (6th Cir. 2012) (holding that a claim barred by *Heck* was properly dismissed by the district court on initial review for failure to state a claim); *Wheat v. Ohio*, 23 Fed. Appx. 441, 443 (6th 2001) (affirming dismissal of § 1983 prisoner complaint where prisoner's claims were "essentially a collateral attack" upon his state criminal convictions for rape and gross sexual imposition, and he did not contend his convictions had been reversed, overturned, or questioned by with an Ohio state court or federal habeas corpus decision).

## Conclusion

Accordingly, for the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
_____
PATRICIA A. GAUGHAN
United States District Court Judge

Dated:  8/25/25